UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-24163-CIV-CANNON/Otazo-Reyes

KPI OCEANCONNECT, INC.,

    Plaintiff,

v.

GLORIA EFE, S.A.

    Defendant,

v.

ABANCA CORPORACION
BANCARIA, S.A.

    Garnishee.

_____/

## ORDER ON DEFAULT FINAL JUDGMENT PROCEDURE

**THIS CAUSE** came before the Court upon the Clerk's Default [ECF No. 22], entered January 11, 2021. On December 11, 2020, the Court entered an Order [ECF No. 19], directing Defendant Gloria EFE, S.A. to file a responsive pleading or responsive motion to the Complaint by December 16, 2020. On January 11, 2021, the Clerk of Court entered a Default as to Defendant Gloria EFE, S.A. [ECF No. 22]. To date, the Defendant has failed to answer or otherwise respond. Therefore, it is **ORDERED AND ADJUDGED** that the Plaintiff must file one of the following two responses **no later than February 8, 2021**:

    (1) Where there is only one Defendant, or where there are multiple Defendants,[1] but no

---

[1] If there are multiple Defendants, Plaintiff must state in the *motion for default final judgment* that there are no allegations of joint and several liability and set forth the basis why there is no possibility of inconsistent liability.

CASE NO. 20-24163-CIV-CANNON/Otazo-Reyes

allegations of joint and several liability, and no possibility of inconsistent liability between Defendants, Plaintiff shall file a *motion for default final judgment*.

The *motion for default final judgment* must include affidavits of any sum certain due from Defendant Gloria EFE, S.A, and any other supporting documentation necessary to determine Plaintiff's measure of damages. The *motion* also shall be accompanied by (1) the necessary affidavit under the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521(b), if applicable; (2) a proposed order; and (3) a proposed final judgment. (These last two are required by Local Rule 7.1(a)(2)). Pursuant to the CM/ECF Administrative Procedures, the proposed orders **shall be submitted to the Court by e-mail in Word format** at cannon@flsd.uscourts.gov. Plaintiff shall send a copy of the *motion* to Defendant's counsel or to Defendant Gloria EFE, S.A if it does not have counsel. In the certificate of service, Plaintiff shall indicate that notice was sent and the addresses where notice was sent.

If Gloria EFE, S.A. fails to move to set aside the Clerk's Default or respond to the motion for default final judgment within the time permitted by the Rules, default final judgment may be entered, which, simply put, means that Plaintiff may be able to take Gloria EFE, S.A.'s property or money and/or obtain other relief against Defendant.

(2) Where there are multiple Defendants and allegations of joint and several liability, or the possibility of inconsistent liability between Defendants, Plaintiff shall file a notice of joint liability. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2690 (3d ed. 1998) (citing *Frow*, 82 U.S. at 554); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

The notice of joint liability must briefly describe the allegations and advise the Court of

CASE NO. 20-24163-CIV-CANNON/Otazo-Reyes

the status of any other Defendants' liability. Once liability is resolved as to all Defendants, Plaintiff may move for the entry of default final judgment against Defendant Gloria EFE, S.A, as described in (1) above, no later than 14 days thereafter.

Plaintiff's failure to file a motion for default final judgment or notice of joint liability within the specified time will result in a **dismissal** without prejudice as to this Defendant.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 24th day of January 2021.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record